IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| PHILIP CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-02184 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Philip Carter's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 1) and Amended Motion (Doc. 6). In light of the Supreme Court's recent decision in United States v. Davis, 139 S.Ct. 2319 (2019), and as explained below, the Court finds that Petitioner is entitled to relief on his claim that his conviction and seven-year sentence of imprisonment under 18 U.S.C. § 924(c) is unconstitutional. Accordingly, Petitioner's § 2255 Motion (Doc. 1) and Amended Motion (Doc. 6) are GRANTED.

# I. BACKGROUND

In February 2004, Carter was charged by indictment of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See Indictment, United States v. Carter, Central District of Illinois, Urbana Division, Case No. 04-cr-20005-MPM-DGB-1 (hereinafter, Crim.) (d/e 6). In March 2004, a Superseding Indictment was filed against Carter, again charging him with unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1), as well as, kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count 2), and carrying a firearm during a crime of violence in violation of 18 U.S.C § 924(c) (Count 3). See Superseding Indictment, Crim. (d/e 9). On April 14, 2004, following a jury trial, Carter was found guilty on all three counts of the Superseding Indictment.

The Presentence Investigation Report (PSR), prepared in anticipation of Carter's sentencing, was issued on February 18, 2005. See PSR, Crim. (d/e 40). As recounted in the Government's Response and in the PSR, Carter had a lengthy criminal history, and the underlying facts of the kidnapping offense were, undoubtedly, violent. See Gov't Resp. at 1-2 (Doc. 7); PSR ¶¶ 50-

74, Crim. (d/e 40). The PSR found that Carter's total offense level for his offenses in Counts 1 and 2 was 42, under United States Sentencing Guidelines (USSG), Chapters Two and Three, and Carter's Criminal History Score was VI, under USSG Chapter Four, Part A. The PSR did not apply a 2-level enhancement for use of a dangerous weapon pursuant to U.S.S.G. § 2A4.1(b)(3), due to his conviction on Count 3. PSR ¶ 39. The PSR determined Carter's sentencing guideline range to be 360 months to life imprisonment. PSR ¶ 105.

The PSR further found that Carter was an Armed Career Criminal based on five previous convictions for "crimes of violence": Unlawful Imprisonment in the First Degree, Logan County Court, Case No. 81-CR-065; Escape, Davidson County Criminal Court Case, No. 86-W-519; Complicity to Burglary in the Third Degree-2 counts, Simpson District Court, Case No. 96-CR-131; Burglary in the Third Degree-2 counts, Butler District Court, Case No. 95-CR-00072-001; and Sexual Abuse in the First Degree-4 counts, Grayson Circuit Court, Case No. 98-CR-00065. PSR ¶ 48. However, because Carter's offense level was equal to the level provided for by the Armed Career Criminal guideline (42), and

because Carter's criminal history score was already equal to the score provided by the Armed Career Criminal guideline (VI), Carter's guideline range was not enhanced based on his status as an Armed Career Criminal.

Carter's statutory mandatory minimum sentence on Count 1 was 15 years because of his status as an Armed Career Criminal. See 18 U.S.C. § 924(e). Additionally, Carter was statutorily required to serve a seven-year sentence on Count 3, carrying a firearm during a crime of violence in violation of 18 U.S.C § 924(c), consecutive to any sentence imposed on Counts 1 and 2. See 18 U.S.C. § 924(c)(1)(A)(ii).

On March 10, 2005, Judge Michael P. McCuskey sentenced Carter to 600 months' imprisonment, consisting of 516 months on each of Counts 1 and 2 to be served concurrently, and 84 months on Count 3 to be served consecutively to Counts 1 and 2, followed by 5 years' supervised release. See Judgment, Crim., (d/e 43).

On appeal, appointed counsel filed an Anders brief, noting that any argument that Carter's sentence was unreasonable would be frivolous. United States v. Carter, No. 05-1629 (7th Cir.). The Seventh Circuit granted counsel's motion to withdraw, and

dismissed the appeal on July 24, 2006. Carter did not seek a writ of certiorari, so his conviction became final in 2006.

On June 10, 2016, Carter filed a <u>pro</u> <u>se</u> Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). This Court dismissed Carter's ineffective assistance of counsel claim and his claim of an alleged error in his Armed Career Criminal designation on July 13, 2016. <u>See</u> Order (Doc. 3). However, the Court ordered that Carter may proceed on his claim that his seven-year sentence of imprisonment under 18 U.S.C. § 924(c) is unconstitutional in light of <u>United States v. Johnson</u>, 135 S.Ct. 2551 (2015), and appointed the Federal Public Defender as counsel for Carter. Carter, through counsel, filed an amended motion in August 2016 (Doc. 6). The Government filed a response (Doc. 7), and Carter filed a Reply (Doc. 8).

In March 2017, Carter filed a Motion to Cite Additional Authority after the Seventh Circuit decided <u>United States v. Jenkins</u>, 849 F.3d 390 (2017), which held that federal kidnapping under 18 U.S.C. § 1201(a) did not qualify as a crime of violence under § 924(c)(3). However, on June 15, 2018, the Supreme Court vacated the Seventh Circuit's judgment for further consideration in

light of Sessions v. Dimaya, 138 S.Ct. 1204 (2018) (holding the residual clause of 18 U.S.C. § 16—which is worded identically to the residual clause of 18 U.S.C. § 924(c)(3)—was unconstitutionally vague). In January 2019, after additional briefing, the Seventh Circuit stayed Jenkins until the Supreme Court announced its decision in United States v. Davis, No. 18-431.

On June 24, 2019, the Supreme Court announced its decision in Davis, which held that courts must use the categorical approach to determine if an offense is a crime of violence under § 924(c), and that § 924(c)'s residual clause is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019).

On July 10, 2019, finding that Davis likely resolves Carter's claim in his favor, this Court ordered the Government to inform the Court if it would like to request any additional briefing addressing the impact of the Davis. After the Government sought an extension, the Government was given until August 19, 2019, to file any supplemental briefing. See July 23, 2019, Text Order. The Government has not submitted any further filings, so the Court

presumes that it does not wish to file any supplemental briefing. This Order follows.

## II. **ANALYSIS**

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is "appropriate for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

Here, Carter argues his conviction for carrying a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c) is invalid in light of the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015). A "crime of violence" under § 924(c) is defined as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) [ ] by its nature, involves a substantial risk that
> physical force against the person or property of
> another may be used in the course of committing the
> offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is referred to as the "force clause," and § 924(c)(3)(B) is referred to as the "residual clause." See United States v. Jenkins, 849 F.3d 390, 392 (2017). In light of recent Supreme Court and Seventh Circuit precedent, Carter's claim has merit and his claim necessarily relies on Johnson and Davis. Moreover, the Court finds that Carter's claim is not procedurally defaulted or untimely and that he is entitled to relief under 28 U.S.C. § 2255.

## A. Carter's § 924(c) Conviction and Sentence is Invalid Because Federal Kidnapping is Not a Crime of Violence.

After the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), and the Seventh Circuit's decision in United States v. Jenkins, 849 F.3d 390 (7th Cir. 2017), Carter's claim has merit. In 2015, the Supreme Court held that the similarly worded residual clause of the ACCA, § 924(e), was unconstitutionally vague. Johnson, 135 S.Ct. at 2563. After Johnson, the validity of the § 924(c)(3)(B) residual clause was uncertain. However, on June 24,

2019, the Supreme Court, in United States v. Davis, 139 S. Ct. 2319 (2019), held that § 924(c)'s residual clause is unconstitutionally vague as well.

After Davis, a conviction under § 924(c) is only valid if the underlying offense qualifies as a crime of violence under the "force" clause. Here, Carter's underlying offense is federal kidnapping under 18 U.S.C. § 1201(a)(1). In United States v. Jenkins, 849 F.3d 390 (7th Cir. 2017), reh'g denied (Apr. 20, 2017), cert. denied, 137 S. Ct. 2280 (2017), and cert. granted, judgment vacated on other grounds, 138 S. Ct. 1980 (2018), the Seventh Circuit held that federal kidnapping under 18 U.S.C. § 1201(a) did not qualify as a crime of violence under § 924(c)'s force clause.[1] The federal kidnapping statute punishes:

> [w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person ... when the person is willfully transported in interstate or foreign commerce ...

---

[1] While this judgment was vacated by the Supreme Court for further consideration in light of Sessions v. Dimaya, 138 S.Ct. 1204 (2018), the Seventh Circuit has now again entered its judgment vacating Jenkin's conviction in light of Davis, and its holding that federal kidnapping under 18 U.S.C. § 1201(a) did not qualify as a crime of violence under § 924(c)'s force clause remains valid. See United States v. Jackson, No. 14-2898, 2019 WL 3423363, at *2 (7th Cir. July 30, 2019).

18 U.S.C. § 1201(a). In Jenkins, the Government did not argue that "unlawfully seizing, confining, inveigling, decoying, kidnapping, abducting, or carrying away" required force, and the Seventh Circuit found that "hold[ing] for ransom or reward or otherwise" could be accomplished without physical force. Jenkins, 849 F.3d at 393. Accordingly, Carter's offense of federal kidnapping pursuant to 18 U.S.C. § 1201(a) does not qualify as a crime of violence for the purposes of § 924(c).

**B. Carter's Claim Relies on <u>Johnson</u>, as well as <u>Davis</u>.**

In the Government's September 2016 response, the Government argued that Carter's claim is actually based on Descamps v. United States, 133 S. Ct. 2276 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016), rather than Johnson. This is so, the Government argued, because Carter's conviction relied on the force clause, which Johnson did not impact. And, his claim that federal kidnapping does not fall under the force clause relies on Mathis and Descamps, not Johnson. And, accordingly, the Government argued that Carter is not entitled to relief because his claim is procedurally defaulted and untimely and because Descamps does not apply retroactively.

However, the Seventh Circuit's decision in <u>Cross v. United States</u>, 892 F.3d 288 (7th Cir. 2018), rejected a nearly identical argument. The petitioners in <u>Cross</u> had been sentenced as career offenders under the mandatory sentencing guidelines. <u>Id.</u> at 291. In light of <u>Johnson</u>, the petitioners brought § 2255 Motions and argued that the residual clause in the career offender guideline was unconstitutionally vague. <u>Id.</u> The Government argued that one petitioner's claim was actually based on an earlier case—<u>Curtis Johnson v. United States</u>, 559 U.S. 133, 130 S. Ct. 1265 (2010). At the time of sentencing, the petitioner's offense of simple robbery qualified under the elements clause, while after <u>Curtis Johnson</u>, his offense only qualified under the residual clause. <u>Cross</u>, 892 F.3d at 297. The Government argued that <u>Curtis Johnson</u>, rather than <u>Johnson</u>, triggered the limitations period under § 2255(f)(3), and the petitioner's claim was now untimely. <u>Id.</u>

The Seventh Circuit, however, found that "[p]rior to <u>Johnson</u>, [the petitioner] had no basis to assert that his sentence was illegal and thus he could not claim a right to be released. <u>Curtis Johnson</u> did not change that fact: all it did was to eliminate the elements clause as a basis for [petitioner's] status, which became entirely

dependent on the residual clause. There matters stayed until Johnson. Only then could [the petitioner] file a nonfrivolous motion for relief." Id.

The same is true here. Prior to Johnson, and now, Davis, any argument based on Descamps that Carter's federal kidnapping offense was not a crime of violence for the purposes of § 924(c) under the force clause would have been frivolous. Carter's conviction would have remained valid under the residual clause. It was not until Johnson that Carter could "file a nonfrivolous motion for relief."

Moreover, the Seventh Circuit's decision in Jenkins did not rely on Mathis or Descamps in reaching its holding that federal kidnapping was not a crime of violence under the force clause of § 924(c). In Jenkins, the Government pointed to numerous pre-Johnson cases that had determined federal kidnapping was a crime of violence, but the Seventh Circuit found that "none of [those] cases found that kidnapping had physical force as an element, and one even expressly stated that it does not." Jenkins, 849 F.3d at 394. Accordingly, the Court finds that the federal kidnapping statute's status as a crime of violence was necessarily affected by

Johnson and that Carter's claim, therefore, relies on both Johnson and Davis.

**C. Carter's Claim is Timely Because Both Johnson and Davis Apply Retroactively.**

The Government argued that Carter's claim was untimely because it relied on Descamps, which does not apply retroactively on collateral review. Since the Court finds that Carter's claim relies on Johnson and Davis, the Government's argument that Descamps is not retroactive is moot. Moreover, the Court finds that Carter's claim is timely. Pursuant to § 2255(f)(3), a claim is timely if it is brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court held its holding in Johnson applied retroactively to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257, 1268 (2016) ("Johnson announced a substantive rule that has retroactive effect in cases on collateral review"). Therefore, Carter, who brought his claim within one year

of the Johnson decision, can attack the validity of his sentence in a § 2255 motion under Johnson. Id.

Additionally, the Court finds that Davis, like Johnson, applies retroactively on collateral review. Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 310 (1989). However, new substantive rules generally apply retroactively, as well as new "'watershed rules of criminal procedure,'" which are procedural rules "implicating the fundamental fairness and accuracy of the criminal proceeding." Welch, 136 S. Ct. at 1264 (2016) (internal citations omitted).

Like Johnson, Davis is undoubtedly a new rule as applied to Carter's case. See Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.") (emphasis in original). Moreover, like Johnson, Davis is a substantive decision because it has "changed the substantive reach of [§ 924(c),] altering 'the range of conduct or the class of persons that the [statute] punishes.'" Welch, 136 S. Ct. at 1265 (citing

Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519 (2004)). Additionally, while the Seventh Circuit has not yet addressed the issue of Davis's retroactivity, the Eleventh Circuit has thoroughly addressed the issue and held that Davis applies retroactively. In re Hammoud, No. 19-12458-G, 2019 WL 3296800, at *4 (11th Cir. July 23, 2019) ("In other words, Davis announced a new substantive rule, and Welch tells us that a new rule such as the one announced in Davis applies retroactively to criminal cases that became final before the new substantive rule was announced."). Accordingly, the Court finds that Carter can attack the validity of his sentence in a § 2255 motion that relies on Davis. Carter's claim is, therefore, timely under § 2255(f)(3) due to its reliance on Johnson, as well as, Davis.

**D. Carter's Procedural Default is Excused.**

In its September 2016 brief, the Government also argued that Carter's claim was procedurally defaulted. If a defendant fails to raise a claim on direct review, he must show both cause and prejudice in order to raise the claim in post-conviction relief. See Bousley v. United States, 523 U.S. 614, 622 (1998). Here, the Court finds that Carter has established prejudice because he was

subject to an extended prison term as a result of his § 924(c) conviction. See Cross v. United States, 892 F.3d 288, 295 (7th Cir. 2018) (We have no doubt that an extended prison term . . . constitutes prejudice.").

Carter has also established cause for failing to object at trial. "[A] claim that 'is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default.'" Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998) (quoting Reed v. Ross, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910 (1984). At the time of Carter's trial and direct appeal, "no one—the government, the judge, or the [defendant]—could reasonably have anticipated Johnson." Cross v. United States, 892 F.3d 288, 295 (7th Cir. 2018) (quoting United States v. Synder, 871 F.3d 1122, 1127 (10th Cir. 2017). Likewise, while Davis might have been anticipated after Johnson was decided, at the time of Carter's trial and direct appeal, no one could have reasonably anticipated Davis. Accordingly, the Court finds that Carter has shown both

cause and prejudice for failing to raise his claim previously, and the Court will not dismiss his claim for procedural default.

The Government's final arguments from its September 2016 brief—that the residual clause of § 924(c) is not unconstitutionally vague, and that federal kidnapping is a crime of violence under either the force or the residual clause—are foreclosed by <u>Davis</u> and <u>Jenkins</u>, as explained above. Accordingly, the Court finds that Carter is entitled to relief under § 2255, and his conviction and sentence for carrying a firearm during a crime of violence in violation of 18 U.S.C § 924(c) must be vacated.

### III. **CONCLUSION**

For the reasons stated above, Petitioner Philip Carter's Motion to Correct, Set Aside or Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 1) and Amended Motion (Doc. 6) are GRANTED. Petitioner's conviction and sentence for carrying a firearm during a crime of violence in violation of 18 U.S.C § 924(c), Count 3 of the Superseding Indictment in Criminal Case 04-cr-20005, shall be VACATED.

As vacating Carter's conviction on Count 3 may impact the sentencing guidelines calculation and the appropriate sentence for

Counts 1 and 2, the Court finds that a complete resentencing is appropriate. See United States v. Brazier, No. 16-4258, 2019 WL 3774126, at *4 (7th Cir. Aug. 12, 2019). Accordingly, a resentencing hearing in Criminal Case No. 04-cr-20005 is hereby set for October 7, 2019, at 2:30 p.m. Petitioner shall remain in the custody of the Bureau of Prisons while awaiting his resentencing hearing. This Case is CLOSED.

**ENTER: August 28, 2019**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**